IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**PAR MINERAL CORPORATION,** a Louisiana corporation,

      Plaintiff,

v.            No. CIV 07-1193 BB/WPL

**PATTERSON-UTI DRILLING COMPANY, LP, LLLP,** a Texas limited liability limited partnership, **KENNETH ALLEN, JOHNNY PAGE, JOSE AVALOS, JOSE GUTIERREZ, NICK VILLALOBOS,** and **L.S.I.S., INC.,** a Texas corporation, and **JAMES JOHNSON** and **DANNY WOODSON,**

      Defendant.

## MEMORANDUM OPINION
### AND
### ORDER OF TRANSFER TO THE NORTHERN DISTRICT OF TEXAS

      THIS MATTER is before the Court on the motion of Defendant Patterson-UTI Drilling Company, LP, LLLP ("Patterson"), to dismiss under Rule 12(b)(3) or in the alternative to transfer venue under 28 U.S.C. § 1406(a) [Doc. 3]. For the following reasons, the motion is Granted and the case is transferred to the United States District Court for the Northern District of Texas, Lubbock Division.

*Discussion*

      Par Mineral, a corporation engaged in the exploration of oil and gas, filed suit against Patterson, among others, asserting claims concerning the relating to the Daywork Drilling Contract ("Drilling Contract") entered into between Patterson and Par Mineral to drill the

Fowler Federal 30-1 well ("Well").  Par Mineral Corporation filed suit alleging Patterson tortiously and in breach of its contract used junk drill pipe wrongfully inspected and certified by L.S.I.S., Inc. ("LSIS"), to drill the Fowler Federal #1 well in Lea County, New Mexico.  As a result of that conduct, Par Mineral suffered approximately $4,000,000 in damages when Patterson's junk drill pipe parted and caused the Well to be lost.  In its claims for relief, Par Mineral asserts breach of contract, negligence, and New Mexico Unfair Practices Act ("NMUPA") claims against Patterson.

In addition, Par Mineral asserts negligence and NMUPA claims against LSIS and two of its alleged employees.  These claims are also based on the alleged substandard drill string provided by Patterson under the Drilling Contract.  This Complaint was filed in New Mexico state court on November 13, 2007.  The case was timely removed to this Court.

> The Drilling Contract contains a forum selection clause which provides: Notwithstanding anything herein to the contrary, Operator [Par Mineral] and Contractor [Patterson Defendants] agree that <u>any litigation concerning or relating to this Contract</u> and/or the relationship between the parties hereto <u>shall be initiated and maintained in Scurry County, Texas</u>.  The parties hereto, <u>without reservation, consent to the exclusive and mandatory jurisdiction of the courts of Scurry County, Texas, over any litigation concerning or relating to this Contract</u> or the relationship between the parties.  (Emphasis added).

In addition, Section 18 of the Drilling Contract provides that:

> Governing Law: This Contract shall be construed, governed, interpreted, enforced, and litigated, and the relations between the parties determined in accordance with the laws of the State of Texas.

Plaintiff argues, "The forum-selection clause in Patterson's IADC Contract is void and unenforceable under New Mexico law because enforcing the clause will validate the Contract's indemnity provisions in contradiction to New Mexico's strong public policy prohibiting such

agreements." (Par's Resp. p. 8). However, Plaintiff is confusing the forum selection clause with the choice of law clause. *See Sheldon v. PHH Corp.*, 135 F.3d 848 (2d Cir. 1998) (distinguishing between two concepts); *Ashmore v. Northeast Petroleum Div. of Cargill*, 925 F. Supp. 36, 39 (D. Me. 1996) (same). Forum selection clauses are presumptively valid, especially in the context of arm's-length commercial contracts. *Mitsui & Co. (USA), Inc. v. Mira M/V*, 111 F.3d 33 (5th Cir. 1997); *Allen v. Lloyd's of London*, 94 F.3d 923 (4th Cir. 1996). A forum selection clause being a procedural matter is covered by federal rather than state law. *Kerobo v. Southwestern Clean Fuels*, 285 F.3d 531, 538 (6th Cir. 2002); *Outek Caribbean Distrib., Inc. v. Echo, Inc.*, 206 F. Supp. 2d 263, 270 (D.P.R. 2002). Such clauses do not foreclose plaintiff's choice of forum but rather enforce his prior forum selection. *P&S Business Machines, Inc. v. Canon USA*, 331 F.3d 804 (11th Cir. 2003); *Evolution Online Systems, Inc. v. Koninklijke PTT Nederland N.V.*, 145 F.3d 505 (2d Cir. 1998).

Choice of law and forum selection clauses in a contract perform different functions and therefore should be analyzed separately. *Phillips v. Audio Active Ltd.*, 494 F.3d 378, 384-86 (2d Cir. 2007). Nothing prevents this Court from removing the parties' choice of forum while preserving for the Texas Court to which the matter is referred the proper analysis of the choice of law challenge raised by Plaintiff. *Eggleton v. Plasser & Theurer Export*, 495 F.3d 582, 586 (8th Cir. 2007); *Lambert v. Kysar*, 983 F.2d 1110, 1118-19 (1st Cir. 1993); *In re Enron Corp.*, 511 F. Supp. 2d 742 (S.D. Tex. 2005).

This Court has considered *Fiser v. Dell Computer Corp.*, 188 P.3d 1215 (N.M. 2008), and finds it deals with a choice of law, and not a forum selection, clause. Moreover, since federal, not state, law controls on this procedural issue, *Fiser* would not be controlling in any event.

3

**O R D E R**

For the above stated reasons, Defendants' motion is GRANTED, and this matter is ORDERED transferred to the United States District Court for the Northern District of Texas, Lubbock Division.

SO ORDERED this 23rd day of October, 2008.

**BRUCE D. BLACK**
**United States District Judge**